# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN LEE JAMISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-482-GKF-FHM |
| REBECCA NEWMAN; STEVE SOUTHERLAND; STEVE KUNZWEILER; JULIE DOSS, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced on August 24, 2017, by Plaintiff Martin Lee Jamison, a state prisoner appearing pro se. Plaintiff filed a complaint (Dkt. # 1), along with motions to proceed in forma pauperis (Dkt. # 2), for appointment of counsel (Dkt. # 3), and for class action certification (Dkt. # 4). By Order filed September 7, 2017 (Dkt. # 5), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee. The Court also denied Plaintiff's motions for appointment of counsel and for class action certification. Id. On September 15, 2017, Plaintiff paid the initial partial filing fee as directed by the Court. See Dkt. # 7. For the reasons discussed below, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

**A. Complaint fails to state a claim upon which relief may be granted**

**1. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by

2

a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Causes of action raised in the complaint**

The Court finds that the complaint fails to state a claim upon which relief may be granted. Plaintiff describes the nature of the case as follows: "[t]he Tulsa County Public Defenders Office court appointed counsel(s) fail to provide effective assistance of counsel to the indigent defendant and the State courts fail to provide an adequate remedy to address this issue. Tulsa County District Attorneys deny equal protection in violation of the 14th Amendment." See Dkt. # 1 at 3. Plaintiff identifies five (5) grounds for relief as follows:

| | |
|---|---|
| Count I: | Plaintiff was denied effective assistance of counsel when counsel failure [sic] of consulation [sic] in violation of the 6th and 14th Amendment. |
| Count II: | Plaintiff was denied effective assistance of counsel when counsel failed to mitigate in violation of 6th and 14th Amendment. |
| Count III: | Plaintiff was denied effective assistance of counsel when counsel render [sic] concession of guilt in violation of the 6th and 14th Amendment. |
| Count IV: | Indigent was denied the right to effective assistance of counsel when appointed [counsel] caused rendered the indigent concession of guilt. |
| Count V: | The Tulsa District Attorney's Office denies indigents constitutional rights through selective prosecution and arbitrary classification 14th Amendment. |

Id. at 3-6. Plaintiff provides additional factual allegations in support of his claims. Id. at 5, 6. Plaintiff names four (4) defendants: Rebecca Newman and Stuart Southerland, attorneys at the Tulsa

County Public Defenders Office; and Steve Kunzweiler and Julia Doss, attorneys at the Tulsa County District Attorneys Office. Id. at 1-2. In his request for relief, Plaintiff asks for "compensatory relief – 25,000, punitive relief – 100,000, Injuctions [sic] – as this Honorable Court sees in the interest of justice to correct the constitutional violations." Id. at 4.

### a. Public defenders do not act under color of state law

Plaintiff identifies Defendant Newman as the public defender appointed to represent him in his criminal case and Defendant Southerland as the "Tulsa County Public Defender over the Public Defender's Office." See Dkt. # 1 at 2. Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983). Therefore, any action taken by Defendants Newman and Southerland is not state action for purposes of 42 U.S.C. § 1983. As a result, Plaintiff's claims against those

Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Prosecutors entitled to prosecutorial immunity

Plaintiff also sues Steve Kunzweiler, Tulsa County District Attorney, and Julia Doss, Tulsa County Assistant District Attorney, because they prosecuted Plaintiff's criminal action. See Dkt. # 1 at 2. A state prosecutor is entitled to absolute immunity from suit for civil damages when such suit is based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Plaintiff's claims against Defendants Kunzweiler and Doss are based on actions taken during Plaintiff's criminal prosecution and are, therefore, barred by absolute prosecutorial immunity. Plaintiff's request for monetary damages from Defendants Kunzweiler and Doss shall be dismissed from this action with prejudice. 28 U.S.C. § 1915A(b)(2).

### c. Request for relief from conviction[s] is precluded in this § 1983 action

Plaintiff states that, on August 4, 2017, before filing this complaint, he was sentenced to 30 years imprisonment on his blind plea of guilty. See Dkt. # 1 at 5. To the extent Plaintiff seeks relief from allegedly wrongful convictions, his § 1983 claims shall be dismissed without prejudice. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," id. at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

5

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ( "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In this case, Plaintiff alleges that, during his state criminal proceeding, he received ineffective assistance of counsel and the prosecutors engaged in selective prosecution. Success on Plaintiff's § 1983 claims "would implicitly question the validity of [his] conviction[s]." Muhammad v. Close, 540 U.S. 749, 751 (2004). Because Plaintiff fails to allege that he has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence," relief under § 1983 is precluded by Heck. Plaintiff's § 1983 complaint fails to state a claim and shall be dismissed without prejudice. Id.

**B. Plaintiff's remedy**

For the reasons cited above, a civil rights action does not provide a remedy for Plaintiff's claims of ineffective assistance of counsel and selective prosecution. Plaintiff must present any allegations of constitutional violations, including claims of ineffective assistance of counsel and prosecutorial misconduct, to the Oklahoma Court of Criminal Appeals on direct appeal. Plaintiff may also pursue relief under Oklahoma's Uniform Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080, et seq. Should Plaintiff fail to obtain relief in state court, he may file a petition for writ of habeas corpus in federal district court, but only after exhausting state court remedies for his constitutional claims. See 28 U.S.C. § 2254.

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

As determined above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. A separate judgment shall be entered in this matter.

**DATED** this 22nd day of September, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT